**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Case No. 2:26-cr-94** |
| **JEAN PIERRE ALEJANDRO GUILLEN SALCEDO, *et al.*,** | : | **Judge Algenon L. Marbley** |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendants Julian David Patino Pena and Pedro Angel Colls-Flores' motions to sever due to an alleged misjoinder under Federal Rule of Criminal Procedure 8(b) or, in the alternative, prejudicial joinder under Federal Rule of Criminal Procedure Rule 14(a). (ECF Nos. 113, 118). For the reasons set forth below, this Court **GRANTS** Defendants' motions for severance.

## I. BACKGROUND

On June 11, 2026, a federal grand jury returned a thirty-count indictment against the eleven Defendants in this case for various controlled substances, firearms, and sex trafficking offenses. (ECF No. 14). Specifically, the Indictment includes the following counts: Count 1, sex trafficking conspiracy; Count 2, interstate transportation for the purpose of prostitution; Count 3, sex trafficking of a minor; Counts 4 and 5, use of facility of interstate commerce in aid of racketeering; Count 6, conspiracy to distribute and possess with intent to distribute a controlled substance; Counts 7 through 22, distribution of a controlled substance; Counts 23, 25, 27 and 29, unlawful alien in possession of a firearm; and Counts 24, 26, 28 and 30, trafficking a firearm. (*Id.*).

Defendant Julian David Patino Pena was named in Counts Six, Seven, and Eight of the Indictment, all of which are controlled substances offenses. (*Id.* at 5–6). Defendant Pedro Angel Colls-Flores was named in Counts Six, Eight through Fourteen, Sixteen, Seventeen, Nineteen, Twenty-Nine, and Thirty. Colls-Flores' charges consist of controlled substances offenses, in addition to one unlawful possession of a firearm count, and one trafficking of a firearm count. (*Id.* at 5–6; 8–9; 13).

On July 31, 2026, this Court declared this case complex given the volume of discovery and the translation needs of various Defendants. (ECF No. 107). Since then, Defendants Patino Pena and Colls-Flores have both filed motions to sever. (ECF Nos. 113, 118). The Government opposes both motions. These motions are now ripe for this Court's review.

## II. STANDARD OF REVIEW

Together, Federal Rules of Criminal Procedure 8(b) and 14(a) govern the joinder and severance of defendants for trial. Rule 8(b) provides that an indictment may charge two or more defendants together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense." Fed. R. Crim. P. 8(b). Joinder of a group of acts or transactions is proper when they are "logically interrelated" or form "part of a common scheme or plan." *United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004); *see also United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (explaining that joinder is appropriate where charged offenses are "logically interrelated and involve overlapping proof"). As the Supreme Court has explained, "joint trials conserve [government] funds, diminish inconvenience to witnesses and public authorities, and avoid delays in brining those accused of crime to trial." *United States v. Lane*, 474 U.S. 438, 449 (1986) (quotation omitted). Furthermore, "[j]oint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate

assessment of relative culpability." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). For these reasons, "[t]here is a preference in the federal system for joint trials." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Generally, "persons indicted together should be tried together." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993). A different policy would pose problems for the criminal justice system, because "[s]eparate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures." *See United States v. Carver*, 470 F.3d 220, 238 (6th Cir. 2006). Thus, under Rule 8(b), "the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once." *Swift*, 809 F.2d at 322 (quotation omitted). The Sixth Circuit has indicated that Rule 8(b) "can, and should, be broadly construed in favor of initial joinder." *Id.* (quotation omitted). A motion for severance based on misjoinder alleges an error in the indictment, which this Court reviews de novo. *See United States v. Deitz*, 577 F.3d 672, 691-92 (6th Cir. 2009). If the Court finds that defendants were improperly joined under Rule 8(b), "[s]everance must be granted." *United States v. Lloyd*, 10 F.3d 1197, 1214 (6th Cir. 1993).

Rule 14, in turn, "comes into play only if joinder was initially proper under Rule 8 but a joint trial would prejudice one or more defendants." *Id.* at 1215. Under Rule 14, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if it appears that a joint trial will prejudice the defendants. Fed. R. Crim. P. 14(a). Ordinary prejudice inherent in any joint trial does not, however, require severance. Rather, severance is required "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt

or innocence." *Zafiro*, 506 U.S. at 539. Thus, "a defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice." *Carver*, 470 F.3d at 238 (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)).

## III. LAW AND ANALYSIS

Defendants Patino Pena and Colls-Flores both contend that their motions to sever shall be granted because: (1) joinder under Rule 8(b) was improper; and (2) alternatively, that severance is warranted under Rule 14(a) to avoid prejudice. (ECF No. 113). In Patino Pena's view, given he was only charged with controlled substances offenses, his joinder is improper where the Indictment contains no allegations that controlled substances were used to commit the sex trafficking, racketeering, and firearms offenses. (*Id.* at 2). Similarly, Defendant Colls-Flores contends that the Indictment fails to allege a nexus between the sex-trafficking charges, the MDMA conspiracy, and the separate firearms transactions. (ECF No. 118).

The Sixth Circuit has stated that while Rule 8(b) favors joinder, failure to meet the requirements of the rule constitutes misjoinder. *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982). The Sixth Circuit further reasoned that where "multiple defendants are improperly joined under Rule 8(b) because they are charged with offenses that are unrelated, then they are to be considered as prejudiced by that fact and the trial judge has no discretion on the question of severance. Severance in such a case is mandatory" *Id.* at 441. As stated above, joinder is proper where the defendants are alleged to be involved in the same series of acts or transactions that are "logically interrelated" and therefore are part of a common scheme. Fed. R. Crim. P. 8(b); *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985) ("A group of acts or transactions is logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan.").

In *United States v. Hatcher*, for example, the two defendants involved were both charged with three counts for possession and distribution of heroin, but only one defendant was charged with two counts of cocaine distribution. *Hatcher*, 680 F.2d at 440. The defendant who was only charged with heroin offenses moved to sever, but his motion was denied. On appeal, the Sixth Circuit reversed the district court's denial of the defendant's severance motion reasoning that the indictment alleged no connection between him and the other defendant's cocaine offenses. *Id.* at 441. Accordingly, the Sixth Circuit reasoned that the motion for severance was denied in error.

Similarly, here, the fact that the counts contain common defendants without some allegations that the counts arise out of the same series of acts or transactions is not sufficient to permit joinder. *Id.* While the Government contends that it anticipates evidence at trial will prove that the drugs distributed and involved in the drug trafficking conspiracy were given to the victims of the sex trafficking offenses, such is not alleged in the Indictment. The Government additionally highlights the fact that the Defendants are interrelated[1] and contends that joinder will be efficient due to the likely overlap in evidence used at trial for the various offenses. Even so, this *anticipated* evidence, which is not laid out in the Indictment nor provided yet in the record, does not demonstrate sufficiently to this Court that a common scheme exists between the drug conspiracy and the other offenses. Without more, the Government has failed to establish joinder, as the Indictment does not allege that the Defendants participated in the same series of acts or transactions across the offenses charged to establish joinder. *Cf. United States v. Bell*, 2019 WL 3451223, at *5 (E.D. Mich. July 31, 2019) (finding that a defendant charged with drug trafficking was properly joined with co-

---

[1] The Government contends that Defendant Patino Pena's involvement in drug trafficking ultimately prompted the initial investigation into the other Defendants, with whom he had social ties, which further supports joinder. These facts, however, are not included in the Indictment. Additionally, the Government contends that Defendant Colls-Flores is in a couple with Defendant Alismar Daniela Contreras-Asevalo. Notably, however, Contreras-Asevalo is only charged with controlled substances charges and therefore such connection does not tie Colls-Flores to the sex trafficking offenses. (ECF No. 119 at 4).

defendants charged with human trafficking where the Government alleged that the defendants "'held meetings at [a hotel] to coordinate' their common drug activities, including distributing the drugs to coerce sex trafficking victims 'into committing commercial sex acts at the Victory Inn and other locations.'").

Accordingly, this Court finds that Defendants Patino Pena and Colls-Flores were improperly joined under Rule 8(b), and therefore, this Court need not consider the alternative Rule 14(a) arguments. The Defendants' Motions to Sever (ECF Nos. 113, 118) are **GRANTED**. The Court will forthwith issue separate scheduling orders for these Defendants.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 26, 2026**